Elijah **NORWOOD**, a/k/a Elijah
Williams, Jr.

v.

Louis **JACOBS**, Appellant.

No. 23214.

United States Court of Appeals,
District of Columbia Circuit.

Argued June 22, 1970.

Decided July 24, 1970.

Mr. Warren R. King, Asst. U. S. Atty.,
with whom Messrs. Thomas A. Flannery,
U. S. Atty., and John A. Terry and Miss
Mary E. Folliard, Asst. U. S. Attys.,
were on the brief, for appellant.

Mr. Andrew L. Geisler, Washington,
D. C. (appointed by the District Court),
for appellee.

Before WRIGHT, LEVENTHAL and
WILKEY, Circuit Judges.

PER CURIAM:

On November 1, 1957, appellee was
committed to Saint Elizabeths Hospital
as a sexual psychopath pursuant to pro-
visions of 22 D.C.Code §§ 3501–3510
(1967). On April 29, 1969, the District
Court, acting on appellee's application
for a writ of *habeas corpus,* ordered that,
since appellee is mentally ill, the writ
be issued and made absolute and peti-
tioner discharged from custody "at the
expiration of thirty (30) days from the
date hereof unless within said thirty
(30) day period the Government initi-
ates civil commitment proceedings under
the provisions of the 1964 Hospitaliza-
tion of the Mentally Ill Act, 2 [1] D.C.
Code §§ 501–91 (1967)."

The evidence is uncontroverted that
appellee is mentally ill. The Sexual
Psychopath Act, 22 D.C.Code § 3503,
provides for commitment of one "not
insane, who by a course of repeated
misconduct in sexual matters has evi-
denced such lack of power to control his
sexual impulses as to be dangerous to
other persons * * *." In Millard v.
Harris, 132 U.S.App.D.C. 146, 406 F.2d
964 (1968), we held that "not insane"
in the Sexual Psychopath Act should be
construed to mean "not mentally ill."
Since by statutory definition a mentally
ill person cannot be a sex psychopath,
appellee may not remain committed un-
der the Sexual Psychopath Act. Appel-
lant argues that *Millard* should be ap-
plied prospectively only. We do not
agree. Since appellee is not a sexual
psychopath as defined by the statute, his
continued detention under that statute
is unwarranted.

The District Court's order makes pro-
vision for the retention of appellee in
custody until the conclusion of the com-
mitment proceedings under the 1964
Hospitalization of the Mentally Ill Act.
This provision is pursuant to the teach-
ing of Millard v. Harris, *supra.* It is
particularly appropriate in this case
since appellee admits he is mentally ill
and dangerous.

The Government's resistance to any
requirement of two court proceedings

904

can be avoided by the Government in the future by responding to the petition of anyone, committed as a sexual psychopath, who seeks release from confinement under 22 D.C.Code § 3503 by consenting to that relief if there is a commitment under the 1964 Act and asking that this proceeding for release from confinement as a sexual psychopath be stayed provided that within 30 days a petition is filed under the 1964 Act by (i) the offender's next of kin, if there be such, or (ii) if there is none, by a guardian appointed by the court for the purpose of presenting such a petition, with notice to those now holding the person under sexual psychopath confinement, or (iii) by a Government official. Undue delay in the progress of the proceedings under the 1964 Act would, of course, be a basis for vacating the stay. When the record of a hearing before the Mental Health Commission is transmitted to the court under 21 D.C.Code § 544, that proceeding can be consolidated with the hitherto stayed proceeding on the application for release from commitment under the Sexual Psychopath Act. This both ensures that there will be only one court consideration and precludes possibility of slippage.

Affirmed.